J. Raymond Amyot, J.
On this motion to dismiss the complaint on the ground that it fails to state a cause of action, the plaintiffs’ allegations must be accepted as true (Tobin v. Grossman, 24 N Y 2d 609, 612).
It is alleged that the plaintiff, Richard Gr. Cox, and his wife, the plaintiff Minnie Gr. Cox, decided to limit the size of their family to their then existing two infant children, Eugene Cox and Sharon Cox. For the purpose of being rendered sterile, the plaintiff, Richard 0. Cox, on June 6, 1970, consulted the defendant, a licensed physician, for his advice and treatment with respect to a vasectomy. The defendant doctor undertook to diagnose and treat the plaintiff, Richard Gr. Cox, and represented to him that the procedure would produce sterility. On JJune 6, 1970, the defendant performed surgery known as a jvasectomy, which, together with subsequent treatment and tests l performed by Mm, were falsely represented to have resulted tin the desired sterility of the plaintiff, Richard Gr. Cox.
It is further alleged that the defendant rendered incorrect medical advice and was negligent and unskillful in his diagnosis, surgical procedure, care and treatment. The defendant’s negligence is catalogued as failure to use proper surgical techniques; improper labeling of surgically removed parts; failing to test; failing to inform of the risks involved; and failing to possess and employ the required skill and competence ; all of which constituted a departure and deviation from acceptable standards of medical ¿practice then and there required. '
*156 It is then alleged that in reliance on the defendant’s verbal assurance that the plaintiff, Richard Gr. Cox, had been rendered sterile he and his wife engaged in sexual relations which resulted in the conception of a male child, born June 26, 1972, although on November 16, 1971 the defendant examined the plaintiff, Minnie Gr. Cox, and falsely assured her that she was not pregnant.
The complaint sues three causes of action on behalf of the plaintiffs, Richard GK Cox and Minnie Gr. Cox; the “First” in negligence, the “Second” in contract and the “Third” for lack of informed consent.
The “ Fourth ” cause of action is brought on behalf of the infant children, Eugen Cox and Sharon Cox. It alleges that by reason of the defendant’s negligent malpractice and breach of contract, the infant plaintiffs have been deprived, and in the future will be deprived, of a portion of the care, affection, training and financial support each would have received except for the birth of their unplanned brother on June 26, 1972.
In addition to moving for dismissal of the entire complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7), the defendant moves, in the alternative, for dismissal of the ‘ ‘ Third ’ ’ cause of action on the ground that it is barred by the Statute of Limitations (CPL 3211, subd. [a], par. 5).
The defendant contends that the “Third” cause of action alleging lack of informed consent is founded not in negligence, but states a cause of action in assault which must be commenced within one year (CPLR 215, subd. 3). To support this position the defendant cites Pearl v. Lesnick (20 A D 2d 761, affd. 19 N Y 2d 590) and Darrah v. Kite (32 A D 2d 208).
The plaintiffs urge that the “Third” cause of action is directed not at the wrongful assault but rather at the negligence of the defendant in failing to disclose the risks in sufficient detail to allow the plaintiff parents to make an informed decision whether to proceed with the operation and subsequent normal marital relations.
The motion is made on the summons and complaint alone. No other supporting evidence is submitted. There is no affidavit or other proof before the court from which it can be established when the action was commenced, but the summons by which this action was commenced is dated April 24, 1973, and if that date accurately reflects the time when the pleading was prepared, the action could not have been commenced within one year after the 1970 surgery. Counsel for the plaintiffs *157 and for the defendant on their oral arguments, and in written memoranda submitted to the court, concede that the summons was served on the defendant during the early part of May, 1973, more than one year after the surgery was performed.
Admissions by counsel on the argument of motions such as this are binding upon the parties (Loblaw, Inc. v. New York State Bd. of Pharmacy, 22 Misc 2d 131, 133, revd. on other grounds 12 A D 2d 180, which at page 186 recognized the binding effect of oral concessions). It would serve no useful purpose to avoid determination of the motion simply because adequate documentary evidence is not before the court. It is obvious that the same issue would be presented on a later motion made for the same relief on the pleadings now before the court plus a single-sentence affidavit establishing the date when the action was commenced. Therefore, the motion attacking the timeliness of the action will be considered.
The plaintiffs rely heavily on Fogal v. Genesee Hosp. (41 A D 2d 468). That authority, however, addresses itself1 not to the Statute of Limitations governing causes based on lack of informed consent, but rather defines the scope of the duty to disclose the dangers inherent in the proposed surgery and the duty to obtain from a patient informed acquiescence to proceed (Fogal v. Genesee Hosp., supra, p. 474). “ Under New York law a physician may be liable for failure to obtain the informed consent of his patient to a surgical procedure (Darrah v. Kite, 32 A D 2d 208, 210-211; Florentino v. Wenger, 26 A D 2d 693, revd. on other grounds 19 N Y 2d 407, 413; Di Rosse v. Wein, 24 A D 2d 510). The cause of action is not based on any theory of negligence but is an offshoot of the law of assault and battery. Any nonconsensual touching of a patient’s body, absent an emergency, is a battery and the theory is that an uninformed consent to surgery obtained from a patient lacking knowledge of the dangers inherent in the procedure is no consent at all. There must be ‘ a reasonable disclosure * * * of the known dangers * * * incident to ’ the proposed treatment (Di Rosse v. Wein, supra).” (Fogal v. Genesee Hosp., supra, p. 473.)
In the complaint here under consideration it is alleged in paragraph ‘1 Sixteenth ’ ’ of the ‘ ‘ Third ’ ’ cause of action that 1 ‘ the defendant failed * * * to divulge * * * the risks which would, singly or in combination, and when tested by general considerations of reasonable disclosure under all the circumstances, have or could have materially affected the plaintiff Robert G. Cox’s decision to proceed with the alleged *158 operation and .subsequent treatment and with the joint decision thereafter of both plaintiffs to enter upon a course of normal sexual intercourse.” By that paragraph the plaintiff parents attempt to allege negligent failure on the part of the defendant doctor to divulge the risks and consequences involved in the proposed surgery. If this be negligence, it is to be proved under the general allegations of negligence. It does not determine the time within which the cause based on the “ offshoot of the law óf assault and'battery ” must be commenced.
In addition to that alleged negligence, however, there are realleged in paragraph “ Fifteenth” of the “ Third ” cause of action, paragraphs “Fourth” and “Fifth” of the “First” cause of action. These realleged paragraphs assert that the defendant “ operated ” upon the plaintiff, Richard G. Cox, and “performed surgical procedures.” These are the physical contacts to which the courts allude in defining the cause of action as “an offshoot of the law of assault and battery ” (Fogal v. Genesee Hosp., supra, p. 473) and a “trespass on the body aris [ing] from the unlawful touching itself ” (Darrah v. Kite, 32 A D 2d 208, 211, supra). They occurred more than one year before the action was commenced.
The plaintiffs urge further that the cause of action could not arise and the Statute of Limitations could not begin to run until the plaintiffs became aware of the ineffectiveness of the defendant’s surgical procedure. This, they point out, could not be known until there was evidence of a pregnancy induced by the plaintiffs’ sexual activity following the defendant’s surgery. That evidence was not available until beyond one year from the time of surgery and it is the plaintiffs’ position that the situation here should be likened to the ‘ ‘ foreign object ’ ’ cases which delay the running of the statute until the malpractice is, or .should be, discovered (Flanagan v. Mount Eden Gen. Hosp., 24 N Y 2d 427; Dobbins v. Clifford, 39 A D 2d 1). The tolling of the statute in the “foreign object ” cases applies, however, to the causes of action in contract and for negligent malpractice, not to the cause of action arising as an “ offshoot ” of1 the law of assault and battery. The “trespass on the body ” occurs at the time of the surgical procedure, and failure to discover undesired results does not extend the statute for the “trespass” or “ battery.”
The “ Third ” cause of action was not commenced within one year. It is barred (CPLR 215, subd. 3).
The “ Fourth ” cause of action, on behalf of the infant children, Eugene Cox and Sharon Cox, alleges that they, as *159 prior "born children, by reason of the defendant’s negligence and breach of contract, will be deprived in the future of a portion of the care, affection, training and financial support each would have received, except for the birth of their unexpected brother.
No prior holding in this State which supports this cause of action has been brought to the court’s attention and none has been discovered on independent research. The Supreme Court of New Jersey in 1972 disallowed such claims (Russell v. Salem Transp. Co., 61 N. J. 502) and a similar cause of action was rejected as unknown to the law in Duhan v. Milanowski (75 Misc 2d 1078). In the New York case infant children alleged a cause of action for damages to them by reason of personal injuries sustained by their mother. The infants claimed that the defendant’s assault and negligence resulted in deprivation of their mother’s “ services and society.” The court there, after noting that the cause of action did not exist at common law, and pointing out the constitutional proscription against judicial expansion to embrace alteration of the same (N. Y. Const., art. I, § 14), recognized the possible merit of such a cause but relegated its creation to legislative action. This court is of the same mind.
The cause as stated in the complaint under consideration does not come within any of the recognized tort categories. The infant plaintiffs claim damages but they allege no injuries to themselves. No duty owed to them by the defendant has been breached. No fundamental right has been violated. The infants seek to recover by derivation, but there is no correlation between the alleged negligence or wrongful act of the defendant and the damages which the infants claim.
It is not as in the case of a husband or wife who suffers damages by reason of injury to the other spouse. There the basis is loss of consortium (Millington v. Southeastern Elevator Co., 22 N Y 2d 498). Nor can the infant plaintiffs here equate their position to the status of the parent whose infant child has been injured. There the claim is founded on the right to indemnity for pecuniary loss sustained by the parent (Cuming v. Brooklyn City R. R. Co., 109 N. Y. 95, 97).
While children may expect ‘ ‘ future care, affection, training and financial support,” they have no vested right to it. Their parents may disinherit them (Dobie v. Armstrong, 160 N. Y. 584, 593; Rice v. Andrews, 127 Misc. 826, 827). They may consent to adoption (Domestic Relations Law, § 111, subd. 2), in which event the child loses all rights in the estate of his *160 natural parents even under intestacy (Domestic Relations Law, § 117). There is no “proportional” share of their parents’ wordly goods to which children are entitled and except, that parents are bound to provide for their children and keep them from the public rolls (Family Ct. Act, § 413), infants are not entitled as a matter of right to any specific share of their parents’ wealth, much less their “care”, “affection” or “ training.” The law cannot require a parent to love or train a child. It forbids abuse and abandonment but it does not compel devotion.
“ The problem for the law is to limit the legal consequences of wrongs to a controllable degree.” (Tobin v. Grossman, 24 N Y 2d 609, 619, supra.) Not all those affected on the periphery are entitled to compensation. The employer whose key employee is injured or killed as the result of a nonwillfull tort is not entitled to damages to compensate for the loss of skill or services of his workman (Ferguson v. Rensselaer County Air Park, 75 Misc 2d 818). The mother who suffers anguish when in her sight her child is injured has no cause of action (Tobin v. Grossman, supra). Even before the abolition of the action for alienation of affections (Civ. Prac. Act, art. 2-A) a child, whose mother had been enticed away and harbored from her family, had no cause of action against the debaucher (Morrow v. Yannantuono, 152 Misc. 134; Katz v. Katz, 197 Misc. 412).
The cause alleged as “ Fourth ” is unknown to the law and must be dismissed (Duhan v. Milanowski, 75 Misc 2d 1078, supra; Russell v. Salem Transp. Co., 61 N. J. 502, supra).
The “ First ” and “ Second ” causes of action for the defendant’s negligence and breach of contract allege that the plaintiff parents are entitled to compensation for pain, suffering, medical expenses and the future cost of raising, supporting and educating the unplanned child. The defendant contends that in seeking such damages the parents attempt to allege a cause of action for “ wrongful life ” which does not exist in this State (Williams v. State of New York, 18 N Y 2d 481; Stewart v. Long Is. Coll. Hosp., 35 A D 2d 531, affd. 30 N Y 2d 695).
. In the authorities relied dm by the defendant the principal claim was for damages sustained by infants born with defects or disadvantages. The court held that there exists no such cause of action ¡against the wrongdoer whose conduct was responsible for the births. Here the unwanted, but apparently healthy, child does not sue. Instead his parents contend that by reason of the defendant’s wrongful conduct they have suffered *161 damages and expenses and in the future will be put to further expense. It is true that in Stewart v. Long Is. Coll. Hosp. (supra), the court rejected the parents’ action as also unknown to the law and which “ should await legislative sanction and should not be accepted by judicial fiat ” (Stewart v. Long Is. Coll. Hosp., supra, p. 532). The court noted, however, that their holding was “ particularly so when viewed against a backdrop of public policy which at the time declared the proposed abortion to be an illegal one (former Penal Law, § 80).” Their decision was one based on public policy, but the Penal Law on which that policy was based has been repealed (Penal Law, § 125.05, subd. 3). The reason for the court’s rejection of the parents’ cause of action no longer exists. It should no longer control. (37 Albany L. Rev. 30-34.)
Whether all the damages alleged in the complaint can be established on the trial must await the proof. If the plaintiffs, Richard Gr. Cox and Minnie G-. Cox, are entitled to damages flowing from the defendant’s negligence or breach of contract, they can recover only such damages as they may properly prove. Allegation of the wrong measure of damages does not affect the sufficiency of the pleading (A. S. Rampell, Inc. v. Hyster Co., 3 N Y 2d 369, 383; Estate of Richter v. Novo Corp., 43 A D 2d 1, 3, dissenting opn.).
The defendant’s attack against the “ First ” and “ Second ” causes of action must fail.
The motion to dismiss the “ First ” and “ Second ” causes of action is denied. The motion to dismiss the “Third” and “ Fourth ” causes of action is granted.