MARY J. CARADORI, SPECIAL ADMINISTRATRIX OF THE ESTATE OF AMY O. CARADORI, DECEASED, APPELLEE, v. JIMMIE F. FITCH, APPELLANT.

263 N. W. 2d 649

Filed March 1, 1978. No. 41267.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Raymond J. Walowski, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

Plaintiff-administratrix brought this action in the District Court for damages for the wrongful death of Amy O. Caradori, age 11. The trial judge submitted

the case to the jury on the allegations of defendant's negligence and on the allegations of the decedent's contributory negligence. The jury returned a verdict for plaintiff of $40,000. Defendant appeals.

The defendant assigns as error: (1) The giving of and the refusal to give certain instructions; (2) the refusal to grant a mistrial on defendant's motion after admissions of the defendant were admitted into evidence and after remarks of plaintiff's counsel were made in final argument which, according to defendant, injected liability insurance into the jury's deliberations; and (3) the excessiveness of the verdict.

The decedent and a companion were riding bicycles on Q Street near Millard in Douglas County, Nebraska, at about 9 p.m. on April 29, 1975. The area was unlighted. The decedent's bicycle was equipped with reflector tape on the pedals and a reflector behind the rear seat. The girls were riding side-by-side on the road or partially on the shoulder when, according to a witness, the defendant's pickup truck struck the decedent, passed over her body, and left the scene. The witness, who was a passenger in a following vehicle, saw the decedent in the lights of the defendant's vehicle. The witness followed the defendant's pickup to his area farmstead, confronted him, and, after some delay, persuaded the defendant to return to the scene of the accident.

There was ample evidence from which the jury could have determined the defendant was negligent with regard to speed, lookout, and proper control.

The decedent was riding her bicycle alongside the companion's bicycle in violation of section 39-690 (2), R. R. S. 1943, and the companion's bicycle was not equipped with the light and reflector as required by section 39-6,138 (5), R. R. S. 1943. There was evidence from which the jury could have concluded that the decedent was contributorily negligent.

The defendant first objects to the instruction which

detailed to the jury the standard of care of a child. The instruction recited that a minor is held to the exercise of that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use. The instruction was consistent with Nebraska law. See, Bear v. Auguy, 164 Neb. 756, 83 N. W. 2d 559; Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607.

The defendant urges that the riding of a bicycle on a city street is an adult activity and that a minor engaging in such activity should be held to the adult standard. See Dellwo v. Pearson, 259 Minn. 452, 107 N. W. 2d 859. The Dellwo case involved the negligent operation of a power boat. We are not prepared, even assuming the wisdom of the Minnesota rule, to place the activity of bicycling in the same category as power boating. The defendant's assignment is without merit.

Defendant further complains of the giving of instruction No. 20: "The instinct of self-preservation and the disposition to avoid personal harm may, in the absence of evidence, raise the presumption that a person killed was in the exercise of ordinary care.

"The presumption of due care arising out of natural instinct of self-preservation is not evidence, but mere rule of law and obtains only in absence of direct or circumstantial evidence justifying reasonable inferences one way or another upon that subject, and when evidence is produced, presumption disappears and cannot be considered." The defendant urges that since there was evidence from which the jury could have concluded the decedent was negligent, it was error for the instruction to have been given.

Sheets v. Davenport, 181 Neb. 621, 150 N. W. 2d 224, held that if evidence was introduced "sufficient to present a jury question, the presumption does not arise and the jury should not be instructed about it." It was further held: "The effect of the instruction

was to permit the jury to determine whether the evidence of negligence outweighed the presumption to the contrary. We regard this to be prejudicial error requiring reversal of the judgment and a new trial."

The instruction in Sheets v. Davenport, *supra,* reads: " 'There is a presumption that a driver of an automobile who was killed in an accident used due care in the operation of his automobile and operated it lawfully. The instinct of self preservation gives rise to such presumption.' "

The instruction in this case was a more complete exposition of the law than the instruction in the Sheets case. The court, in effect, told the jury to disregard the presumption if evidence was introduced. While we do not recommend the giving of the instruction, it was not an incorrect exposition of the law and could not operate to mislead the jury. Any error present was not prejudicial.

The defendant next assigns as error the trial court's refusal to submit a requested instruction that contributory negligence was not a defense to a prosecution for motor vehicle homicide.

Evidence was introduced that the defendant pled guilty to, and stood convicted of, the crime of motor vehicle homicide arising from the death of Amy O. Caradori. Defendant correctly points out that contributory negligence of the decedent is not a defense to the criminal charge of motor vehicle homicide. However, he fails to cite any authority for the proposition that where, in a civil action, it is shown that a defendant had pled guilty to and been convicted of a motor vehicle homicide charge, an instruction should be given informing the jury that contributory negligence was not a defense in the criminal action. The trial court quite properly set forth the allegations of negligence against the defendant and the allegations of contributory negligence against the decedent. The court instructed that evidence of a violation of a traffic law was evidence of negligence

only. The requested instruction was not proper in a civil case and the court did not err in refusing the defendant's request.

To understand the second assignment of error, it will be necessary to examine in some detail the nature of the pleadings and the conduct of the trial itself. In response to the plaintiff's petition, the defendant's attorney first filed an answer in which he denied that an accident had taken place and that the vehicle of his client had struck Amy O. Caradori. Subsequent thereto, the defendant amended his answer to admit that there had been a collision between the vehicle driven by the defendant and the bicycle of Amy O. Caradori which resulted in her death.

At trial, plaintiff's counsel sought to introduce as admissions against interest questions and answers given by the defendant Jimmie F. Fitch at a pretrial deposition. "Question: As you sit here today taking this Deposition is it your testimony then that you, to this day, do not know that anything odd, or different by way of an accident occurred in that area on the evening of April 29, 1975? *Answer:* No, Sir. *Question:* Did you plead guilty before Judge Grant, Judge Grant a Judge of the District Court of Douglas County as to the charge of misdemeanor motor vehicle homicide regarding the occurrence of April 29, 1975, did you plead guilty or not? *Answer: This was handled by my personal lawyer as I don't understand most legal terms. He handled that. I trusted his judgment. Question:* That was Mr. Bernard Walsh? *Answer:* Right. Question: Did you plead guilty to the charge of misdemeanor motor vehicle homicide before Judge Grant? Yes or No." (Emphasis supplied.) After a series of objections, and later a motion for mistrial, the court permitted the answer and the defendant's answer was: "Not to my recollection I did not. *Question:* Did your attorney plead guilty for you? Answer: I don't recall.

Question: You don't know whether you pled guilty to that charge, or you don't recall? Answer: That's right. Question: You just don't remember that day? Answer: That's right." (Emphasis supplied.)

At the conclusion of the reading of the portions of the deposition offered in evidence, the certified copy of the judgment of conviction of the defendant in the District Court for Douglas County, Nebraska, was offered and received in evidence. At trial, in spite of the answer and the stipulation of the defendant's counsel later entered at trial that the defendant did, in fact, operate the vehicle which struck and killed Amy O. Caradori, the defendant again denied that he was involved in an accident or struck Amy O. Caradori.

The final argument of the parties was not transcribed. The defendant however, at the conclusion of the argument, made a showing to the court in which he asserted that the plaintiff's counsel made the following statement: " 'Don't concern yourselves with who is going to pay this judgment.' " Defendant further asserts that plaintiff's counsel again reiterated a reference to Bernard Walsh who was with the defendant at the time the defendant pled guilty to the charge of motor vehicle homicide. It is the defendant's contention that the reading of the deposition in evidence and the remarks by plaintiff's counsel at the final argument were improper and were an impermissible reference to insurance. We disagree. Plaintiff's counsel was entitled to show the defendant's guilty plea to motor vehicle homicide and, with respect to the credibility of the defendant, his statements in the deposition which contradicted the fact of his plea of guilty and contradicted his own answer and the stipulation of his counsel. The reference to Bernard Walsh as a personal attorney does not in and of itself make any reference to the appearance of plaintiff's present counsel for and on behalf of an insurance company repre-

senting the defendant, nor necessarily imply the same. As we view it, the defendant took inconsistent positions in his pleadings and in his sworn testimony. Correspondingly, plaintiff was entitled to show that inconsistency and comment on it. Failure to declare a mistrial was not error.

As to the remark of plaintiff's counsel: "Don't concern yourselves with who is going to pay this judgment," at best, the remark is ambiguous. It is, however, elementary that the jury is required under the instructions, if the defendant is found liable, to fix damages in accordance with the instructions so as to reasonably compensate those entitled to recover. See Colvin v. Powell & Co., Inc., 163 Neb. 112, 77 N. W. 2d 900. We do not find any impermissible argument or any impermissible inference of insurance. The trial court in ruling on this motion stated: "The Court Reporter was available at all times herein if anybody wanted it written. * * * He would have had the exact import of every word that is spoken. No one chose to call the Court Reporter. So I do not know the full import. So all motions are overruled." It may be that, in the context of the entire statement, such remarks could have been held to be prejudicial. In the absence, however, of a complete record of the plaintiff's argument, we are unable to state that the remark standing alone is prejudicial or constituted an impermissible reference to insurance.

The defendant further assigns as grounds for mistrial statements made by the plaintiff in closing argument. He asserts plaintiff's counsel in his argument-in-chief alluded to the fact that no reasonable man would trade Amy's life for a Picasso which he had evaluated at a hypothetical figure of $1,500,000. Plaintiff's attorney further suggested to the jury that a defendant's verdict would not be justice in Omaha, Nebraska. He then prayed he would have had the "wisdom and eloquence" to express himself

to persuade the jury to render a verdict to right a wrong so the plaintiff would have no complaints. While the remarks are somewhat overblown and dramatic, we cannot hold, as a matter of law, that they constitute unfair argument or comment. The assignment is without merit.

The last assignment of error relates to the size of the verdict. Since Selders v. Armentrout, 190 Neb. 275, 207 N. W. 2d 686, the rule in this state is that the measure of damages for the wrongful death of a minor child includes the loss of society, comfort, and companionship of the child. In Vandenberg v. Langan, 192 Neb. 779, 224 N. W. 2d 366, we affirmed a verdict of $36,797.80. In the Vandenberg case, there was evidence that the child was a very unusual youth with great potential for a bright and promising future. The evidence in this case reflects that Amy O. Caradori was a normal, bright child, companionable and popular with her playmates and teachers, and loved by her parents. The jury was in a position to evaluate the care, companionship, and comfort that Amy O. Caradori would have given her parents, her brothers, and sister. We will not enter into a discussion in which we compare the relative accomplishments of deceased children in wrongful death actions. A verdict may be set aside as excessive by the trial court or on appeal when, and not unless, it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law. Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451. Here, the verdict is supported by the evidence and the rule we established in Selders v. Armentrout, *supra*.

The verdict was not clearly excessive and the defendant's assignments of error being without merit, the judgment of the trial court is hereby affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein because of the conscious effort of plaintiff's counsel to inject the element of insurance into the trial of the case.

Attorneys engaged in the trial of cases to a jury ought to know the proper procedures. When they depart from the legitimate purpose of properly presenting the evidence, and the conclusions to be drawn therefrom, they must assume the responsibility for such improper conduct. I disagree with the majority opinion. The plaintiff's attorney deliberately brought the inference of insurance to the attention of the jury. A case should be tried on its facts and not on whether or not the defendant has insurance to pay a judgment.

BOSLAUGH, J., dissenting.

It seems to me that this is a case where the errors assigned, if considered separately, might not be sufficient to require that the cause be remanded for a new trial. However, when considered together, and in view of the amount of the verdict, it is my opinion that the cause should have been remanded for a new trial.

I do not agree that it is necessary the entire argument be recorded in order to object to a particular statement of counsel.