Margaret L. WHITE et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 78–2127.

United States District Court, D. Kansas.

March 16, 1981.

---

John C. Tillotson, Murray & Tillotson, Chartered, Leavenworth, Kan., for plaintiffs.

Mary K. Briscoe, Robert S. Streepy, Asst. U. S. Attys., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case comes before the Court upon cross-motions for summary judgment. Plaintiffs in this action are members of a family claiming various injuries as a result of the "wrongful birth" of plaintiff Elijah Lyon White, after his mother, Margaret L. White, had undergone a tubal ligation. This operation was performed by an Army physician at the U.S. Army Hospital in Fort Stewart, Georgia, on April 29, 1977. Elijah was born in April, 1978, at Fort Leavenworth, Kansas. The Court has jurisdiction pursuant to 28 U.S.C. § 1346.

Count I of the complaint consists of the mother's claim for damages as a result of the willful and negligent actions of the defendant, through its employees, in performing a Pomeroy tubal ligation. She seeks $114,000 for the raising of an additional child, emotional and mental anguish, physical inconvenience and pain and suffering as a result of the pregnancy, physical inconvenience in raising an additional child, interference with her established relationship with the other members of her family, and temporary loss of consortium. Count II of the amended complaint claims damages to the father as a result of the willful and negligent actions of the defendant. He seeks $110,000 for the cost of raising an additional child, emotional and mental anguish, physical inconvenience in raising an additional child, interference with established family relationships, and temporary loss of consortium. Count III is the claim of the siblings of Elijah for interference with established family relationships.

Count IV is the claim of Elijah himself for the cost of his child raising.

■ The sole issue before the Court upon this motion is whether any of these claims are recognized under Georgia law. Careful research establishes that there are no cases under Georgia law dealing with this particular point of law. Therefore, we must decide the case as the highest court in the state of Georgia would if presented the issue.

■ In the annotation at 83 A.L.R.3d 15 (1978), the decisions of several jurisdictions have been compiled to provide a comprehensive study of this area of the law. The majority of these jurisdictions have allowed the parents of a child to recover for the so-called "wrongful birth" of that child. The basis for these actions has been either medical malpractice or breach of a contract. At issue here is a cause of action based upon medical malpractice. In *Pritchard v. Neal*, 139 Ga.App. 512, 229 S.E.2d 18 (1976), the plaintiff was found to have stated a cause of action for negligent performance of a tubal ligation resulting in a subsequent pregnancy, death of the fetus and decomposition of the fetus in the mother's womb. We find that the Georgia court would recognize a cause of action for medical malpractice in the instant case. Therefore, plaintiffs' motion for summary judgment will be granted as to Counts I and II. The defendants' affirmative defense that Georgia law would not recognize these causes of action will not be viable in this lawsuit.

■ Counts III and IV present issues concerning the damages to the siblings and to the plaintiff child as a result of his birth. The siblings seek damages for interference with established family relationships. Plaintiffs have cited no authority for this claim of damages. The only cases discovered by the Court have denied siblings a right to damages as the result of the birth of an additional child. *See Sala v. Tomlinson*, 73 A.D.2d 724, 422 N.Y.S.2d 506 (1979); *Coleman v. Garrison*, 349 A.2d 8 (Del.1975); *Aronoff v. Snider*, 292 So.2d 418 (Fla.App. 1974); *Cox v. Stretton*, 77 Misc.2d 155, 352 N.Y.S.2d 834 (1974). In *Aronoff*, the Court stated that a cause of action by the siblings was "without foundation in law or logic." 292 So.2d at 419. The Court in *Cox* found no duty nor any violation of their fundamental rights that would support a claim by the siblings. The Court stated:

"There is no 'proportional' share of their parents' worldly goods to which children are entitled and . . . infants are not entitled as a matter of right to any specific share of their parents' wealth, much less their 'care,' 'affection' or 'training.'" 352 N.Y.S.2d at 840.

We agree that there is no basis in law or logic for an action by siblings for the birth of an additional child to the family. Therefore, plaintiffs' motion for summary judgment will be denied. The defendant will be granted summary judgment as to Count III.

■ The plaintiff child has requested damages for the "cost of his child raising through the age of majority." We know of no jurisdiction where a child is responsible for the cost of his or her own raising, nor have plaintiffs cited any authority that would place this responsibility upon Elijah. Any other claim that he would have for damages would be under the theory that his very existence is "wrongful." A cause of action brought by the "wrongfully born" child has been rejected in most jurisdictions as uncompensable because it is impossible to measure the damages for his life against the utter void of nonexistence. *See Stills v. Gratton*, 55 Cal.App.3d 698, 127 Cal.Rptr. 652 (1976); *Dumer v. St. Michael's Hospital*, 69 Wis.2d 766, 233 N.W.2d 372 (1975); *Gleitman v. Cosgrove*, 49 N.J. 22, 227 A.2d 689 (1967) [disapproved on other grounds in *Berman v. Allan*, 80 N.J. 421, 404 A.2d 8 (1979)]; *Zepeda v. Zepeda*, 41 Ill.App.2d 240, 190 N.E.2d 849 (1963), *cert. denied* 379 U.S. 945, 85 S.Ct. 444, 13 L.Ed.2d 545 (1964). *See also Berman, supra*, where the Court holds the child has suffered no damage cognizable at law by being brought into existence. We hold that a child may not recover for his own birth. Therefore, plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment will be granted as to Count IV.

Defendant has requested a partial summary judgment as to certain of the damage claims enumerated by plaintiffs. The same reasoning that established that siblings have no cause of action for wrongful interference with established family relationships leads us to hold that neither the mother nor the father may recover for interference with established family relationships.

Both parents have requested damages for temporary loss of consortium. The action by the spouse for consortium is derivative of the action for damages by the injured spouse. *Smith v. Tri-State Culvert Manufacturing Co., Inc.*, 126 Ga.App. 508, 191 S.E.2d 92, 94 (1972). If the injured spouse cannot recover, the other spouse is not entitled to recover. *White v. Hammond*, 129 Ga.App. 408, 199 S.E.2d 809, 813 (1973). In the case *sub judice*, Mr. White is entitled to recover for loss of consortium if his wife recovers on her claim. Mrs. White has no action for loss of consortium because her husband has no claim for injuries. Therefore, defendant's motion for summary judgment will be granted as to Mrs. White's claim for temporary loss of consortium.

Mr. White seeks to recover damages for emotional and mental suffering as a result of his wife's pregnancy. Under Georgia law, if mental pain and suffering are not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of is malicious, willful or wanton. *Westview Cemetery v. Blanchard*, 234 Ga. 540, 216 S.E.2d 776 (1975); *Montega Corp. v. Hazelrigs*, 229 Ga. 126, 189 S.E.2d 421 (1972). Mr. White will only recover for his mental and emotional suffering if he proves that the conduct of the defendant was malicious, willful or wanton. Therefore, at this stage of the case, defendant's motion for summary judgment will be denied.

Both parents have requested damages for the cost and the physical inconvenience of raising an additional child. In ruling that these are not recoverable damages, we are following a growing majority of courts that have refused to allow parents to recover costs to raise a child born after preventive measures have failed. *Sorkin v. Lee*, 434 N.Y.S.2d 300 (App.Div.1980); *Public Health Trust v. Brown*, 388 So.2d 1084 (Fla.App.1980); *Wilczynski v. Goodman*, 73 Ill.App.3d 51, 29 Ill.Dec. 216, 391 N.E.2d 479 (1979); *Berman v. Allan, supra; Sala v. Tomlinson, supra; Coleman v. Garrison*, 327 A.2d 757 (Del.Super.1974), *aff'd.* 349 A.2d 8 (Del.1975); *Rieck v. Medical Protective Co. of Fort Wayne, Ind.*, 64 Wis.2d 514, 219 N.W.2d 242 (1974); *Terrell v. Garcia*, 496 S.W.2d 124 (Tex.Civ.App.1973), *cert. denied* 415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484 (1974). We respect the reasoning and analysis of the jurisdictions which have held that such damages are legally recognizable. *Curlender v. Bio-Science Laboratories*, 106 Cal.App.3d 811, 165 Cal.Rptr. 477 (1980); *Speck v. Finegold*, 268 Pa.Super. 342, 408 A.2d 496 (1979); *Sherlock v. Stillwater Clinic*, 260 N.W.2d 169 (Minn.1977); *Anonymous v. Hospital*, 33 Conn.Sup. 126, 366 A.2d 204 (1976); *Betancourt v. Gaylor*, 136 N.J.Super. 69, 344 A.2d 336 (1975); *Troppi v. Scarf*, 31 Mich.App. 240, 187 N.W.2d 511 (1971). However, we believe that the court in *Coleman* aptly put this cause of action in perspective, saying:

> "A more appropriate resolution of the difficulties presented, and the one hereby adopted, is to view the action as one for 'wrongful pregnancy' rather than one for 'wrongful life' thereby limiting the scope of the injury to the very real difficulties attending the unexpected pregnancy of a woman." 327 A.2d at 761.

Allowing the parents to recover for the costs of raising a child constitutes a windfall to the parents and an unreasonable financial burden upon physicians. *Berman v. Allan, supra.* The parents retain the benefits of having the child while "saddling defendants with the enormous expenses attendant upon [his] rearing." *Id. See also, Rieck v. Medical Protective Co. of Fort Wayne, Ind., supra.* Some courts have attempted to alleviate this concern by applying a "benefits rule" to the allowance of the costs of raising a child. *E. g., Troppi v. Scarf, supra; Betancourt v. Gaylor, supra;*

**150**

*Sherlock v. Stillwater Clinic, supra.* We reject this approach as too speculative to remedy the excessive burden upon the defendant. The Court in *Public Health Trust v. Brown, supra*, noted the speculative nature of the benefits:

"... an unhandsome, colicky or otherwise 'undesirable' child would provide fewer offsetting benefits, and would therefore presumably be worth more monetarily in a 'wrongful birth' case. The adoption of that rule would thus engender the unseemly spectacle of parents disparaging the 'value' of their children or the degree of their affection for them in open court." 388 So.2d at 1086, n.4.

In addition, to assess the physician the cost of raising a normal, healthy child to majority is to inflict a penalty on the defendant that is out of all proportion to the amount of his culpability. However, the allowance of certain damages to compensate the parents for the wrongful pregnancy is necessary to prevent the unwarranted immunity to the medical profession if damages ensuing from improper treatment were denied. Thus, we find that the appropriate balance is to deny the parents damages for the costs and physical inconvenience of raising an additional child.

To Elijah, who may some day read this opinion and question the purpose of his family's actions, we would quote the Court in *Rieck, supra*:

"... we do not understand this complaint as implying any present rejection or future strain upon the parent-child relationship. Rather we see it as an endeavor on the part of clients and counsel to determine the outer limits of physician liability...." 219 N.W.2d at 245–46.

Certain aspects of this case and this complaint, like those in *Rieck, supra*, are well beyond these limits.

Accordingly, we hold that Count I sets forth a cognizable action for negligent and willful medical procedures with damages limited to pregnancy and birth-related costs, expenses and associated elements of personal injury actions. We hold that

Count II sets forth an action for loss of consortium and for emotional and mental anguish. We further hold that Counts III and IV do not set forth cognizable causes of action under the law of Georgia.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' and defendant's motions for summary judgment are granted in part and denied in part in accordance with the above.