Irene M. STILLIE

v.

AM INTERNATIONAL, INC.; Rockwell International Corporation; Rockwell Graphic Systems; Wohlenberg Projekte Und Systeme GMBH; H. Wohlenberg KG GMBH & Co.; Wohlenberg KG GMBH; Wohlenberg KG; Peter H. Johnson, d/b/a Book Machine Sales; and AM Wohlenberg GMBH.

Civ. A. No. 91–2213–EEO.

United States District Court, D. Kansas.

April 6, 1994.

Gene E. Schroer, Schroer, Rice, P.A., Topeka, KS, for plaintiff Irene M. Stillie.

John M. McFarland, Terry J. Brady, William F. Ford, Jr., Gage & Tucker, Kansas City, MO, Michael T. Hannafan, Michael T. Hannafan & Associates, Ltd., Chicago, IL, Stephen A. Murphy, Westwood, KS, for defendants AM Intern. Inc., Rockwell Intern. Corp. and Rockwell Graphic Systems.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, KS, David E. Everson, Jr., Stinson, Mag & Fizzell, Kansas City, MO, for defendants Wohlenberg Projekte und Systeme GMBH, H. Wohlenberg KG GMBH & Co.

Ronald W. Fairchild, Dianna L. Mans, Sheldon J. Moss, Porter, Fairchild, Wachter

& Haney, Topeka, KS, for defendant Peter H. Johnson, dba Book Mach. Sales.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on motions to reconsider our order of December 21, 1993, 841 F.Supp. 370, by plaintiff (Doc. # 197) and defendant Peter H. Johnson, d/b/a/ Book Machine Sales ("BMS"), (Doc. # 198). For the reasons set forth below, plaintiff's motion will be granted and defendant's motion will be denied.

▇▇▇▇ The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988) (district court's decision on motion for reconsideration is reviewed under abuse of discretion standard). It is well established that a motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990) (quoting *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No.

89–1412–C, slip op. at 2, 1989 WL 159369 (D.Kan., *unpublished,* Dec. 15, 1989)).

In the instant case, plaintiff asks the court to reconsider the portion of our order granting summary judgment in favor of Johnson on plaintiff's strict liability claim. Plaintiff does not submit any new facts or legal authority, but argues that the court misconstrued Kansas law in holding that those in the chain of distribution after remanufacture are not subject to strict liability. Basically, plaintiff contends that Euro Graphic's rebuilding of the trimmer machine made the machine new again and, thus, reactivated the doctrine of strict liability with regard to the remanufacturer and sellers in the chain of distribution after remanufacture.

In our prior decision granting summary judgment, we looked to *Sell v. Bertsch & Company,* 577 F.Supp. 1393, 1399 (D.Kan. 1984), where Judge Saffels held that the seller of a used machine which had not been rebuilt was not subject to strict liability, and held that because BMS had not remanufactured the trimmer machine, BMS could not be held strictly liable. We did not, however, consider whether under Kansas law remanufacture of the trimmer by Euro Graphics made BMS subject to strict liability as a seller in the chain of distribution after remanufacture. If the Kansas Supreme Court would answer this question in the affirmative,[1] our order granting summary judgment was not proper because questions of fact on the issue of whether Euro Graphics remanufactured the trimmer, as contemplated by Kan.Stat.Ann. § 60–3302(b), remain for resolution at trial.

▇▇▇▇ In *Kennedy v. City of Sawyer,* 228 Kan. 439, 445–46, 618 P.2d 788, 798 (1980), the Kansas Supreme Court held, "[u]nder the doctrine of strict liability, the liability of a manufacturer and those in the chain of distribution extends to those individuals to whom injury from a defective product may reasonably be foreseen." In addition, Kan.Stat.

---

1. The Kansas Supreme Court has not expressly determined whether the doctrine of strict liability extends to used sellers. *Sell,* 577 F.Supp. at 1397. Similarly, the court has not decided the present question of whether the doctrine of strict liability extends to remanufacturers and those in the chain of distribution after remanufacture. We must, therefore, apply the law as we believe the Kansas Supreme Court would decide it if it had the opportunity to do so. *Id.* at 1398; *White v. United States,* 510 F.Supp. 146 (D.Kan.1981).

Ann. § 60–3302(b) (Supp.1993) defines "manufacturer" as "a product seller who ... remanufactures the relevant part or component part of a product before its sale to a user or consumer." The question, therefore, becomes whether the definition of manufacturer in section 60–3302(b) extends the doctrine of strict liability annunciated in *Kennedy* to sellers in the chain of distribution after remanufacture.

■ We believe that the Kansas Supreme Court would hold that because Kan.Stat.Ann. § 60–3302(b) defines manufacturer to include a seller who remanufactures, remanufacturers and sellers in the chain of distribution after remanufacture are subject to strict liability. Neither the Kansas Products Liability Act, Kan.Stat.Ann. § 60–3301 et seq. (1983 & Supp.1993), nor the Restatement (Second) of Torts § 402A[2] are, by their terms, limited to new products. *See Sell*, 577 F.Supp. at 1398 ("[C]ourts imposing strict liability on sellers of used products generally have done so because Restatement § 402A is not limited by its terms to sellers of new products.").

In addition, the policies behind the doctrine of strict liability, i.e., providing "maximum protection for the injured party" and "discouraging the marketing of products having defects," *Kennedy*, 228 Kan. at 445–46, 618 P.2d at 794, apply with similar force following remanufacture. Application of strict liability after original manufacture has been justified on other grounds as well: 1) the manufacturer/distributor is better able to spread the risk than is the consumer; 2) reasonable consumer expectations; and 3) encouraging better products. *Sell*, 577 F.Supp. at 1399. We believe that these rationales can be applied following remanufacture as well.

In *Tillman v. Vance Equip. Co.*, 286 Or. 747, 596 P.2d 1299, 1303 (1979), the Oregon Supreme Court discussed the practical ramifications of applying strict liability to the seller of a used machine which was *not* remanufactured or rebuilt:

We conclude that holding every dealer in used goods responsible regardless of fault for injuries caused by defects in his goods would not only affect the prices of used goods; it would work a significant change in the very nature of used goods markets. Those markets, generally speaking, operate on the apparent understanding that the seller, even though he is in the business of selling such goods, makes no particular representation about their quality simply by offering them for sale. If a buyer wants some assurance of quality, he typically either bargains for it in the specific transaction or seeks out a dealer who routinely offers it (by, for example, providing a guarantee, ...). The flexibility of this kind of market appears to serve legitimate interests of buyers as well as sellers.

We are of the opinion that the sale of a used product, without more, may not be found to generate the kind of expectations of safety that courts have held are justifiably created by the introduction of a new product into the stream of commerce.

(Quoted in *Sell*, 577 F.Supp. at 1398, and *Crandell v. Larkin & Jones Appliance Co.*, 334 N.W.2d 31, 33 (S.D.1983)).

The same considerations do not apply to the sale of remanufactured/rebuilt goods. Rather, reasonable consumer expectations favor application of strict liability in circumstances where a rebuilt, used machine was sold as being in "like new" condition. The purchaser of a "like new" rebuilt machine is more justified in expecting performance and safety commensurate with that of a new machine than is a purchaser of an "as is" used machine. *See id.* In sum, we believe the Kansas Supreme Court would conclude that if the trimmer was remanufactured and sold as being in "like new" condition, Johnson, as a seller in the chain of distribution immediately following remanufacture, would be strictly liable for reasonably foreseeable injuries caused by a defect in the rebuilt machine.

Plaintiff also requests reconsideration of the portion of our order granting summary judgment on plaintiff's negligent design claim. However, plaintiff makes no substantive argument in support of reconsideration

---

2. The Kansas Supreme Court has looked to the Restatement (Second) of Torts § 402A in products liability cases. *See Lester v. Magic Chef, Inc.*, 230 Kan. 643, 661, 641 P.2d 353 (1982).

on the negligent design claim and we know of nothing in the present order that has any effect on our decision to grant summary judgment on that claim. Accordingly, plaintiff's motion for reconsideration on the negligent design claim will be denied.

Defendant Johnson seeks reconsideration of the portion of our prior order discussing Kan.Stat.Ann. § 60–3306 (1983 & Supp.1993). We held that section 60–3306 did not apply to BMS because genuine questions of fact about whether the trimmer machine was defective defeated BMS's assertions that it did not know the trimmer was defective and could not have discovered any defect. Johnson urges that section 60–3306 protects non-manufacturing sellers even if the product sold was defective if the five elements set forth in section 60–3306(a)–(e) are met. Thus, he argues, the relevant inquiry is not whether the machine was actually defective, but rather, whether Johnson knew or could have discovered a defect. *See* § 60–3306(a) and (b).

■ We agree that section 60–3306 presumes the existence of a defect in the product. However, Johnson cannot establish a lack of knowledge of a defect simply by alleging that no defect existed and thus, he did not know about one and could not have discovered one. In this vein, the court held that because genuine questions of fact remained about whether the machine was defective, summary judgment was not proper.

■ Defendant Johnson now argues that because he did not have prior notice of a defect or similar malfunction of the trimmer machine, he did not know that the machine was defective. However, the record reveals that defendant inspected and tested the trimmer machine prior to selling it to Econo–Clad. Accordingly, even if defendant has established as a matter of law that he had no actual knowledge of a defect, a genuine question of fact about whether defendant could have discovered the defect during inspection and testing would still preclude summary judgment. Our prior order denying summary judgment will stand.

This case is set for trial on May 2, 1994. The pretrial order indicates that the parties are amenable to mediation. Accordingly, the parties are directed to select a mediator mutually agreeable to both within five days from the date of the entry of this order and notify the court as to the identity of the appointed mediator. If the parties cannot agree on a mediator, the court will appoint one to commence mediation as soon as possible.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. # 197) is denied as it relates to plaintiff's claim for negligent design and granted as it relates to plaintiff's claim for strict liability and plaintiff's strict liability claim is hereby reinstated.

IT IS FURTHER ORDERED that defendant Johnson's motion for reconsideration (Doc. # 198) is denied.