■ FAE PEARL, Respondent, v. GERSON J. LESNICK, Appellant, et al., Defendant.— Judgment in favor of plaintiff upon a verdict of a jury, unanimously reversed, on the law and on the facts, and the complaint dismissed, with costs to defendant-appellant. In this action in which plaintiff sued a surgeon who had performed a right radical mastectomy upon her, the first two causes of action charging malpractice and fraud, were respectively discontinued and dismissed during the trial. Plaintiff recovered a verdict from the jury on the third cause of action which alleged a breach of agreement by the surgeon that

he would not perform a radical mastectomy. In effect, what was alleged and attempted to be proven was that the defendant performed a surgical procedure without plaintiff's consent. That would constitute an assault and not a breach of contract. Any assault claim would be barred by the two-year Statute of Limitations (Civ. Prac. Act, § 50.) But even if an agreement could be envisioned in this case, that agreement was that defendant would perform a biopsy procedure and not a mastectomy when plantiff was first taken to the operating room. A biopsy was performed on the patient on November 22, 1954, and no further procedure was carried out at that time, although the frozen section study disclosed the presence of a malignancy. It was three days later that plaintiff was again taken to the operating room and a radical mastectomy was performed. Hence, on the proof, there was no breach of the alleged agreement not to perform a radical mastectomy on November 22, 1954. The complaint should have been dismissed. Even if we had not concluded that the complaint must be dismissed, we should have, in any event, reversed and set aside the judgment on the ground that the verdict of the jury was clearly against the weight of the credible evidence. Concur — Rabin, J. P., Valente, McNally, Steuer and Bastow, JJ.