William J. Crangle, J.
Defendants move to dismiss those causes of action in plaintiffs’ complaint which allege that he suffered damage because of defendants’ failure to obtain an informed consent prior to performing a surgical operation. The motion is made upon the ground that the causes of action are barred by the Statute of Limitations. Defendants urge that the one-year limitation governing actions for assault applies rather than the three-year limitation governing actions for malpractice. In his third and fourth causes of action plaintiff alleges that defendants were negligent in failing to inform plaintiff of the dangers inherent in the operation as was their duty, and in the fifth and sixth causes of action he alleges that such failure constituted an assault.
The New York precedent relied upon by defendants, Pearl v. Lesnick (20 A D 2d 761) involves no element of failure to adequately inform the plaintiff in obtaining her consent but is a case where plaintiff claimed that the defendant doctor performed a radical mastectomy upon her after specifically agreeing not to. As the court held, this would constitute an assault and should quite justly be controlled by the Statute of Limitations governing assaults.
Though it has long been settled that an unauthorized operation except in an emergency constitutes an assault and that an *1000 operation performed without informed consent is unauthorized (Schloendorff v. Society of New York Hosp., 211 N. Y. 125; Birnbaum, v. Siegler, 273 App. Div. 817), thpre seems to be no New York precedent with respect to the applicable Statute of Limitations where the operation was performed without informed consent. It would seem in harmony with the legislative intent and the statutory scheme with respect to Statutes of Limitation that, where there is no element of willful wrongdoing on the part of the doctor but rather a negligent failure to carry out his professional duty to inform his patient, that the malpractice Statute of Limitations should apply rather than the assault statute. The patient is damaged by the doctor’s negligent failure to communicate and to advise him quite as much as by his doctor’s negligent performance of the operation itself. Cases with the predominant element of lack of due care are assigned a three-year limitation by the Legislature. Failure to conform with the duty to discuss the dangers to be faced and the alternatives available is nonetheless malpractice even though the uninformed consent might lead to the commission of a technical assault and battery for which the Legislature has fixed a one-year Statute of Limitations. The court must determine which limitations should apply in the light of the statutory scheme and the interests of justice.
As was stated in Canterbury v. Spence (464 F. 2d 772, 793, cert. den. 409 U. S. 1064), with reference to a case arising in the District of Columbia, the plaintiff’s “ interest in bodily integrity commanded protection, not only against an intentional invasion by an unauthorized operation but also against a negligent invasion by his physicians’ dereliction of duty to adequately disclose.” The Federal court concluded that the malpractice limitation should be applied.
The motion is denied except as to causes of action 5 and 6 alleging an assault which should be dismissed.