Harold J. Hughes, J.
This is a motion by the defendant Bichard Balsam to dismiss plaintiffs’ third, fourth, fifth and sixth causes of action on the ground that they are barred by the Statute of Limitations (CPLR 3211, subd. ¡[a], par. 5).
The plaintiff Lester Terry was a patient in the Albany Medical Center Hospital. On or about April 2, 1971 a coronary arteriography by means of catheterization was performed. In the first cause of action, Mr. Terry seeks to recover damages based on the defendant’s negligence particularly with respect to alleged acts and omissions after the performance of the procedure.
The third and fourth causes of action (the latter a derivative action) are based upon the alleged failure of the defendants to disclose to the plaintiffs the nature of the procedure to be performed upon the plaintiff Lester Terry and the dangers and risks inherent in the procedure. It is alleged that by reason of the negligent failure of the defendants to obtain the informed consent of the plaintiffs, plaintiffs were damaged.
The fifth and sixth causes of action are also based upon the failure of the defendants to obtain an informed consent from the plaintiffs. However, these causes of action are not couched in terms of negligence but assert that the failure of the defendants to obtain an informed consent constituted an unauthorized *1036 surgical procedure and that the defendants thereby committed an assault upon the plaintiff Lester Terry.
The defendant Richard Balsam has moved to dismiss the third, fourth, fifth and sixth causes of action upon the ground that they are barred by the one-year Statute of Limitations since, he argues, the underlying basis of all the actions is assault.
Plaintiffs’ fifth and sixth causes of action, while based on the theory of informed consent, specifically charge that the defendants are liable for the assault .of the plaintiff Lester Terry and for an unauthorized surgical procedure. Since plaintiffs rely on assault rather than negligence as the basis for these causes of action, the one-year Statute of Limitations is applicable (Pearl v. Lesnick, 20 A D 2d 761, affd. 19 N Y 2d 590; see Darrah v. Kite, 32 A D 2d 208, 210).
Plaintiffs’ third and fourth causes of action, on the other hand, are clearly based on negligence. In Fogal v. Genesee Hosp. (41 A D 2d 468), the Appellate Division recently reiterated the rule that under New York law a physician may be liable for failure to obtain the informed consent of his patient to a surgical procedure. The court stated (p. 473): “ The cause of action is not based on any theory of negligence but is an offshoot of the law of assault and battery. ’ ’ Notwithstanding that language, the court went on to explore the scope of the duty imposed upon physicians and upon the authority of Canterbury v. Spence (464 F. 2d 772) held that a doctor is obliged to divulge to his patient the risks which singly or in combination, tested by general considerations of reasonable disclosure under all the circumstances, will materially affect the patient’s decision whether to proceed with the treatment.
While Fogal (41 A D 2d 468, supra) did not involve the issue of the Statute of Limitations, it is this court’s belief that the Appellate Division’s reliance upon Canterbury v. Spence (464 F. 2d 772, supra) indicates that it would also approve the Federal court’s holding that the ithree-year Statute of Limitations governing negligence actions rather than the one-year Statute of Limitations governing assault and battery actions is applicable (see, also, Wilkenson v. Vesey, 110 R. I. 606).
The motion of the defendant Richard Balsam to dismiss plaintiffs’ fifth and sixth causes is granted and the motion to dismiss the third and fourth causes of action is denied, without costs. .