Samuel J. Silverman, J.
Motion by the individual defendants for leave to amend their answer to assert the affirmative defense of the one-year Statute of Limitations of CPLR 215 (subd 3) (assault and battery) to the seventh cause of action in the complaint.
1. CPLR 3025 (subd [b]) states that "leave [to amend pleadings] shall be freely given.” No prejudice appears from the granting of such leave. Accordingly, such leave is granted.
2. Strictly speaking that is all the notice of motion asks. But the parties have argued the merits of the defense. It would be wasteful of everybody’s time now to remit plaintiffs to making a new motion to strike the defense, in which the parties and the court would have to duplicate the work done on this motion.
Accordingly, I deem plaintiffs to have moved to strike the defense and proceed to a consideration of that motion.
Plaintiff claims to have suffered injuries as the result of taking a certain oral contraceptive "Norinyl”. The seventh cause of action, against the moving defendants (two doctors) alleges that these defendants failed to advise or inform plaintiffs of the dangers inherent in "the medical treatment and dispensing of the aforesaid drug”. Presumably the "medical treatment” referred to is the prescribing or permitting plaintiff to take the drug.
It is established doctrine that surgical procedures that are not consented to by an "informed consent” constitute an assault. (Schloendorff v Society of New York Hosp., 211 NY 125; Fogal v Genesee Hosp., 41 AD2d 468, 473.)
The question has then arisen whether such a cause of action is governed by the one-year Statute of Limitations applicable to assault (CPLR 215, subd 3) or the three-year statute applicable to actions to recover damages for personal injuries and malpractice (CPLR 214, subds 5, 6). On this point the courts have been divided. (See, e.g., Pearl v Lesnick, 19 NY2d 590; Cox v Stretton, 77 Misc 2d 155; contra; Bruse v Brickner, 78 Misc 2d 999; Terry v Albany Med. Center Hosp., 78 Misc 2d 1035.)
The distinction between assault and negligent malpractice, and the appropriate Statute of Limitations in these situations, is so subtle as almost to defy logical analysis.
But here we do not deal with surgery or really with the physician even touching the patient. We deal with a case of a physician advising a patient to take a pill orally, without *114 warning her of the dangers, a breach of a professional duty. This seems to me much closer to traditional concepts of malpractice than of assault.
Accordingly I hold that the one-year Statute of Limitations applicable to assault does not bar the seventh cause of action, and the defense is stricken.