**Janice SANGDAHL, Plaintiff,**

v.

**Clyde LITTON, Defendant.**

**No. 74 Civ. 5034.**

United States District Court,
S. D. New York.

Jan. 28, 1976.

Clark & Harley P. C., Jamaica, N. Y., for plaintiff; Robert G. Harley, Jamaica, N. Y., of counsel.

Morris, Duffy, Ivone & Jensen, New York City, for defendant; Michael T. Ivone, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a New York resident, commenced this action against defendant, a plastic surgeon and a resident of the District of Columbia, to recover damages upon claims of medical malpractice, breach of warranty and lack of informed consent. The action was instituted in the New York State Supreme Court but was removed to this court pursuant to 28 U.S.C., section 1441. The defendant now moves to dismiss the action (1) for lack of in personam jurisdiction, and (2) upon the ground that it is barred by the applicable statute of limitations.

With respect to the jurisdictional contention, a threshold question of waiver exists. Heretofore the defendant moved, pursuant to 28 U.S.C., section 1404 (a), for a change of venue to the District of Columbia, based upon alleged inconvenience to parties and witnesses. The defendant was then in a position to move to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of in personam jurisdiction. He did not so move and his motion under section 1404(a) was denied. Rule 12(g) provides that "[i]f a party makes a motion *under this rule* but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . ." (emphasis supplied).

While it is true that defendant's motion for change of venue was made, and necessarily so, under the forum non conveniens statute, and not under Rule 12 (b)(3), the underlying facts to support a motion to change venue were essentially the same as the facts upon which he grounds his motion for lack of jurisdiction over the person, and were apparent to defendant upon the very commencement of suit. His failure to move upon the latter ground constituted a

waiver and bars the present motion.[1] In addition this court has previously held that "a motion under section 1404(a) of Title 28 presupposes initial proper jurisdiction . . . in the transferor court . . . ."[2]

Even were there no waiver of the jurisdictional claim, in personam jurisdiction was acquired over the defendant under New York State's long arm statute. C.P.L.R. section 302(a) provides: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary . . . who . . . 1. transacts any business within the state . . . ." The defendant comes within this provision. He maintains an office, with a telephone listing, for the practice of his profession in New York City, is present from time to time in furtherance of his professional activities, is licensed to practice medicine in this state, and first was consulted professionally by plaintiff in his New York office. Under these circumstances, there can be no question that defendant transacted business here.

Although defendant argues that the cause of action did not "arise" from his New York activities, since the alleged negligently performed operation occurred in the District of Columbia, the physician-patient relationship first arose in New York, where plaintiff initially consulted defendant. Further, the representations with respect to the proposed operation and the course of treatment upon which the action is based were made by defendant to plaintiff at his office in New York, and the operation was performed in Washington to meet defendant's convenience. Thus, this is not a case where plaintiff "had [no] dealings at all" with the defendant in New York,[3] or where the defendant's in-state activities were "wholly unrelated" to plaintiff's cause of action.[4] Rather, the gravamen of the complaint is a breach of express representations made here, as well as the violation of a duty of care that arose in this state. While the New York cases offer little guidance on this point,[5] the court is persuaded as a matter of "public policy and common sense"[6] that defendant's transaction of business in New York was sufficiently related to the alleged wrongs to subject him to long-arm jurisdiction.

We next consider defendant's motion to dismiss the complaint upon the ground that it is barred by the applicable statute of limitations. The motion is deemed made under Rule 56, the summary judgment rule, and the parties have treated it as such.

Since plaintiff is a resident of New York, we consider the merits of the limitation defense under New York law.[7] Plaintiff alleges four separate causes of action. The first is for negligence or

1. *See Silver v. Countrywide Realty Inc.*, 39 F.R.D. 596, 599 (S.D.N.Y.1966) (motion to dismiss for lack of personal jurisdiction barred under Rule 12(h) by earlier assertion of forum non conveniens); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1386 at 842–43. *Cf. Altman v. Liberty Equitable Corp.*, 322 F.Supp. 377 (S.D.N.Y.1971).

2. *O'Brien v. American Export Isbrandtsen Lines*, Dkt. No. 65 Civ. 2015 (S.D.N.Y., Dec. 2, 1966).

3. *Frummer v. Hilton Hotels Int'l., Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967).

4. *Reger v. National Ass'n of Bedding Mfrs. Group Ins. Trust Fund*, 372 N.Y.S.2d 97, 110 (Sup.Ct., Westchester Co.1975).

5. *See Fontanetta v. American Bd. of Internal Medicine*, 421 F.2d 355 (2d Cir. 1970). . There have been no definitive rulings in either the state or federal courts since *Fontanetta*.

6. N.Y.C.P.L.R. § 302, Practice Commentaries at 65 (McKinney 1972).

7. N.Y.C.P.L.R. § 202 (McKinney 1972).

malpractice; the second for breach of an alleged express warranty to improve plaintiff's physical appearance; the third, a separate claim for breach of an express warranty that the corrective surgery would not result in any visible scars; and the fourth for defendant's failure to explain fully the possible effects of the surgery and its probability of success to plaintiff, who as a result was "unable to give an informed consent to the surgery." Plaintiff alleges that, had she known of the possible results of the surgery, she would not have allowed defendant to operate on her.

Plaintiff was operated on on July 1, 1971 and received her last treatment from defendant on July 6, 1971. The action was commenced in New York State Supreme Court on March 4, 1974. Because of improper service, that action was dismissed on June 24, 1974, pursuant to an order entered that day by State Supreme Court Justice Sidney Asch. Thereafter a new action was instituted and defendant was served with a summons and complaint on November 8, 1974 by mail and personally under C.P.L.R. section 313, following which the action was removed to this court. Thus it appears that this action was commenced more than three years and five months after defendant's final treatment of the plaintiff. The statute of limitations for malpractice is three years.[8] Plaintiff seeks to toll the statute upon various contentions.

First, plaintiff contends that since the summons was delivered to the Sheriff of New York County for service upon defendant, and it appeared that the Sheriff unsuccessfully attempted to serve defendant, a sixty-day extension was effected under New York law.[9] However, this extension is insufficient to save the tort claims, since the action was commenced three years and five months after the claims accrued.

■ Next, plaintiff presses that the statute was further tolled under C.P.L.R. section 207, which so provides where a defendant departs from the state and remains continuously absent for four months or more. However this does not save the day for plaintiff since the record does not establish that defendant departed from or was "continuously absent" from New York for four months or more. Additionally, plaintiff's contention under section 207 fails because subdivision (3) thereof provides that the tolling provision does not apply "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state." This includes situations where service can be effected under C.P. L.R. section 313, which was the very method applied to serve defendant after the attempt at personal service in this state failed. There is nothing to indicate that defendant resisted or avoided service in the District of Columbia or was away therefrom for any extended period. C.P.L.R. section 207 therefore is inapplicable.

■ Finally, plaintiff urges that this court enter a nunc pro tunc order under C.P.L.R. section 308(5) validating the prior defective service made on March 4, 1974 when a summons and complaint were left under the door of defendant's New York office. While it appears that the court is empowered to approve a defective service nunc pro tunc,[10] any order permitting substituted

8. See N.Y.C.P.L.R. § 214(6) (McKinney 1972) (three-year statute of limitations in malpractice actions), as amended, N.Y.C.P.L.R. § 214-a (McKinney Supp.1975) (two and one-half year statute of limitations for medical malpractice arising out of acts and omissions occuring on or after July 1, 1975).

9. See N.Y.C.P.L.R. § 203(b)(5).

10. See, e. g., Totero v. World Telegram Corp., 41 Misc.2d 334, 245 N.Y.S.2d 870 (Sup.Ct., N.Y.Co.1963).

service should be made only after plaintiff sustains the "heavy burden" of showing that an exhaustive search has been made for defendant and all other permissible methods of service are impracticable.[11] That burden has not been met here; defendant could readily have been served in Washington, D. C., where he is and was in active practice. Moreover, plaintiff is asking this court to validate nunc pro tunc a service already held to be defective by a Justice of the New York Supreme Court. As noted above, Judge Asch dismissed the complaint for improper service and it appears no claim for relief under section 308(5) was presented to him.

■ Thus, the first cause of action, which sounds in negligence and tort, is barred under the applicable statute of limitations. Plaintiff's fourth cause of action, based upon a claim of lack of informed consent to the operation, is also barred, whether it be deemed a claim of negligence because of defendant's alleged failure properly to advise her of the risks of treatment,[12] or assault.[13] In either instance the statute has run.[14]

■ Therefore, the only causes of action that remain are the second and third, which allege breaches of the defendant's warranties that her appearance would be improved as the result of the treatment and that there would be no scarring. The applicable limitation period is six years.[15] Defendant argues that these claims are so intertwined with and arise out of the malpractice and negligence claims that the three-year statute of limitations should govern and that they too are barred. However, according to the Practice Commentaries accompanying C.P.L.R. section 214:

> "[I]f the physician fails to perform the original operation which he undertook, it would also seem that an action for breach of contract ought to lie. If such an action does lie, however, contract damages, as opposed to tort damages, will be recovered. This would exclude recovery for pain and suffering. *Robins v. Finestone*, 1955, 308 N.Y. 543, 127 N.E.2d 330. The same result should ensue where the doctor goes beyond the normal professional relationship and guarantees a result. In such a case the failure to achieve the promised result gives rise to a contract action, where no negligence need be proven; and, while such an action would be governed by the six-year statute of limitations, the plaintiff would still be disabled from recovering tort damages."

The motion to dismiss counts 2 and 3 of the complaint, therefore, is denied. The motion to dismiss counts 1 and 4 is granted.

11. *Deason v. Deason*, 32 N.Y.2d 93, 343 N.Y.S.2d 276, 280, 296 N.E.2d 229 (Sup.Ct., Albany Co.1973).

12. *See, e. g., Abril v. Snytex Labs., Inc.*, 81 Misc.2d 112, 364 N.Y.S.2d 281 (Sup.Ct., N.Y.Co.1975) ; *Bruse v. Brickner*, 78 Misc. 2d 999, 359 N.Y.S. 207 (Sup.Ct., Fulton Co.1974) ; *Terry v. Albany Med. Center*, 78 Misc.2d 1035, 359 N.Y.S.2d 235 (Sup.Ct., Albany Co.1974) ; *Canterbury v. Spence*, 150 U.S.App.D.C. 263, 464 F.2d 772 (1972).

13. *See, e. g., Pearl v. Lesnick*, 20 A.D.2d 761, 247 N.Y.S.2d 561 (1st Dep't 1964), *aff'd mem.*, 19 N.Y.2d 590, 278 N.Y.S.2d 237, 224 N.E.2d 739 (1967) ; *Cox v. Stretton*, 77 Misc. 2d 155, 352 N.Y.S.2d 834 (Sup.Ct., St. Lawrence Co.1974).

14. *See* note 8 *supra;* N.Y.C.P.L.R. § 215(3) (one year statute of limitations for assault or battery actions).

15. N.Y.C.P.L.R. § 213[2] (McKinney 1972).