Tommie L. TOLIVER, Plaintiff,

v.

SULLIVAN DIAGNOSTIC TREATMENT
CENTER, Dennis Raymond and
"Sky" Yorder, Defendants.

No. 89 CIV. 8076 (RPP).

United States District Court,
S.D. New York.

Oct. 16, 1990.

Tommie L. Toliver, Fallsburg, N.Y., pro se.

Glenn Rickles, Croton-on-Hudson, N.Y. by Glenn Rickles, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Tommie L. Toliver ("Toliver"), a pro se litigant, brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and the N.Y. Executive Law §§ 292–301 ("Human Rights Law"), alleging that he was fired from his job with the Sullivan Diagnostic Treatment Center ("SDTC") due to his race and color. Defendants now move pursuant to Fed.R. Civ.P. 12(b)(1), 12(b)(2) and 12(b)(6) to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction over defendants Raymond and Yorder and for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## BACKGROUND [1]

Toliver, a black male, was employed beginning in approximately July 1986 as a night residential counselor by SDTC, an agency which provides treatment for the developmentally disabled. In early 1987, Toliver applied for promotion to the position of program supervisor but his application was denied. SDTC instead hired a white male who it claims, unlike plaintiff, had prior supervisory and administrative experience.

In April 1987, SDTC gave Toliver permission to leave work early two days per week for a two-week period to attend another job. Plaintiff allegedly continued to leave early and call in sick after the two-week period ended and refused to provide SDTC with doctor's notes justifying the absences.

Plaintiff was terminated on or about June 15, 1987 for violation of sick leave rules and for insubordination. Complaint ¶ 9.[2]

Plaintiff again applied for an advertised position as a program supervisor between July and September of 1987 but was refused an interview. SDTC felt Toliver was not a suitable candidate for the position based on his earlier discharge for misconduct.

Toliver filed separate complaints against SDTC with the New York State Division of Human Rights ("NYSDHR") on November 30, 1987, and March 18, 1988. On August 30, 1988, NYSDHR found no probable cause on either complaint to believe that SDTC engaged in discriminatory employment practices.

Toliver also filed charges against SDTC with the Equal Employment Opportunity Commission ("EEOC") sometime between November 1987 and March 1988 alleging racial discrimination. Pursuant to EEOC's determination to dismiss his charges, a Notice of Right to Sue dated August 12, 1989 was sent to Toliver who claims he received it on August 15, 1989.

Toliver sent his complaint in this action along with his request to proceed in forma pauperis to the Pro Se Clerk for the Southern District of New York by certified mail on November 8, 1989. Toliver Aff. ¶ 7. A postal receipt shows that the pro se office signed for the item on November 13, 1989. Toliver Aff., Exh. F. Both documents were stamped as received on November 16, 1989. The summons and civil cover sheet in this action were dated December 6, 1989.

## DISCUSSION

### 1. Subject Matter Jurisdiction

■ A civil action under Title VII must be commenced within ninety days of plaintiff's receipt of a Notice of Right to Sue

---

1. Certain facts elaborated below constitute findings of the New York State Division of Human Rights ("NYSDHR") in response to plaintiff's November 30, 1987 and March 18, 1988 complaints. *See* infra.

2. Other papers submitted by plaintiff contain statements by plaintiff that he was fired on September 18, 1987. Toliver Aff., Exh. L. For purposes of a 12(b)(6) motion to dismiss, the allegations of the complaint are taken as true. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Plaintiff has adequately complied with the 90–day jurisdictional limit because his complaint and application to proceed in forma pauperis were received in the pro se office on November 13, 1989, the last day of the 90–day period. Where in forma pauperis relief is granted, the action should be treated as timely provided the complaint was received in the clerk's office prior to the expiration of the limitations period. *See Toliver v. County of Sullivan*, 841 F.2d 41 (2d Cir.1988); *Nielsen v. Flower Hosp.*, 639 F.Supp. 738 (S.D.N.Y.1986). Accordingly, defendants' motion to dismiss on this ground is denied.

### 2. Defendants Raymond and Yorder

The individual defendants, both supervisors at SDTC, offer several reasons as to why they are not properly named as defendants to plaintiff's Title VII claim. Raymond and Yorder first contend that this Court lacks personal jurisdiction over them because they allegedly were not served in this action within the 120–day limit imposed by Fed.R.Civ.P. 4(j). This action was filed with the clerk of the court on December 6, 1989 thus service was required no later than April 5, 1990 under the Rule.

■ Service in this action was accomplished by the United States Marshals Service pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) which provides in relevant part:

(C) A summons and complaint may be served ...

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender....

Service by mail is complete upon mailing. Fed.R.Civ.P. 5(b).

The Marshals Service received the summons and complaint on March 26, 1990 and mailed them along with the appropriate Notice and Acknowledgment of Receipt forms that same day. Because Raymond and Yorder signed the acknowledgment forms within twenty days from the date of mailing as required by the Rule, on April 5 and April 15, 1990, respectively, no follow-up personal service on them was required under the Rule. Service of defendants Raymond and Yorder complied with Rule 4(j) since the summons and complaint were mailed prior to April 5, 1990 and, accordingly, defendants' motion to dismiss on this ground is denied.

■ Raymond and Yorder's second objection is that neither was named as a respondent in plaintiff's EEOC complaint. The general rule is that a private civil action under Title VII may only be instituted "against the respondent named in the charge" filed with the EEOC. 42 U.S.C. § 2000e–5(f)(1). However, when there is "substantial identity" between those defendants named in the EEOC charge and other defendants in the private action who were not named in the EEOC proceeding and where the unnamed defendants had notice of the EEOC proceeding, the unnamed defendants are properly before the court in the private action even though they were not named in the EEOC charge. *See Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 498 (S.D.N.Y.1989); *Vulcan Soc'y v. Fire Dep't of White Plains*, 82 F.R.D. 379, 389 (S.D.N.Y.1979).

■ In this case, only SDTC was named as respondent in plaintiff's EEOC charge. There is a substantial identity of interest between SDTC and the individual defendants as employees and agents of SDTC. The record is unclear, however, as to whether these individuals were named in the body of the charge. Nor does the record reveal whether Raymond or Yorder had actual notice of the pendency of the administrative proceedings or an opportunity to participate in attempted resolution of plaintiff's claim. Plaintiff's complaint also fails to plead any facts indicating the specific discriminatory acts allegedly committed by Raymond and Yorder or any facts indicating their specific role in the events in issue. Plaintiff merely states that:

The actions of defendants Raymond and Yorder resulted from and were taken

pursuant to past practices to deniny [sic] black [sic] the opportunity to be promoted and/or to be hired to position of supervisor/administrator.

Nowhere in the complaint are the "actions" referred to specified.[3]

Based on these deficiencies, defendants' motion to dismiss the complaint as against Raymond and Yorder is granted without prejudice to plaintiff's demonstrating within thirty days from the date of filing of this opinion a basis for his claims against Raymond and Yorder by showing (1) whether Raymond and Yorder were named in the body of his EEOC complaint; (2) any facts tending to show that Raymond and Yorder had notice of the EEOC proceeding; and (3) the specific discriminatory acts committed by Raymond and Yorder to be redressed in this action. *Cf. Giuntoli*, 726 F.Supp. at 500 (denying dismissal due to unresolved issue of notice where complaint in the private action specified the allegedly discriminatory acts of the defendant not named in the EEOC charge).

### 3. Failure to State a Claim

■ Defendants argue that plaintiff's § 1981 claim fails to state a claim upon which relief can be granted. Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens....

42 U.S.C. § 1981. In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court held that the right to make contracts "extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment." *Id.* 109 S.Ct. at 2372. Plaintiff's claim of retaliatory termination motivated by racial discrimination is thus not actionable under § 1981 because the termination

took place after the formation of the employment contract and the claim relates only to postformation conduct. *See Alexander v. New York Medical College*, 721 F.Supp. 587 (S.D.N.Y.1989). An alleged retaliatory termination may instead represent a breach of contract for which judicial redress is otherwise available. *Id.* at 588.

Plaintiff's claims of denial of promotion, however, may be cognizable under § 1981. The question of whether a promotion claim is actionable under § 1981 depends on whether the nature of the change of position was such that it involved either the opportunity to enter into a new contract with the employer or the opportunity for a "new and distinct relation" between the employer and employee. *Patterson*, 109 S.Ct. at 2376–77.

Plaintiff has not specifically alleged that promotion from residential counselor to program supervisor at SDTC would have involved the opportunity to enter into a new contract of employment with SDTC as required by *Patterson*. However, because the promotion would have apparently been from a non-supervisory to a supervisory position, plaintiff may have a valid claim under § 1981 that he was allegedly denied the opportunity for a new and distinct relationship with SDTC. *See Mallory v. Booth Refrigeration Supply Co.*, 882 F.2d 908, 910 (4th Cir.1989) (denial of promotion from clerk to supervisor); *Williams v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1004, 1009 (S.D.N.Y.1990) (denial of promotion from employee to officer sufficient to constitute "new and distinct relation"). It would be inappropriate at this point for the Court to say that plaintiff will be unable to satisfy *Patterson*'s "new and distinct" employer-employee relation test. *See Brereton v. Communications Satellite Corp.*, 735 F.Supp. 1085, 1090 (D.D.C.1990).

■ Plaintiff's final claim that he was not hired by SDTC based on his race when

---

**3.** As part of his opposition to the present motion, plaintiff offers a letter he wrote to NYSDHR which he appended to his November 30, 1987 NYSDHR complaint which describes Raymond's role in demanding doctor's notes on or around June 15, 1987 and Raymond's warn- ing that failure to provide them could be grounds for dismissal. The letter indicates that Yorder informed him of his dismissal when he reported to work on September 18, 1987. Toliver Aff., Exh. L. It is unclear whether this conduct is the sole basis for plaintiff's claims.

he reapplied for the position of program supervisor after being terminated may also constitute a valid § 1981 claim. If SDTC in fact refused to enter into a new contract of employment with plaintiff due to his race, plaintiff was denied the same right "to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C.A. § 1981.

Accordingly, defendants' motion to dismiss plaintiff's § 1981 claim for failure to state a claim upon which relief can be granted is denied.

IT IS SO ORDERED.